# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHAEL R. JONES,

            Appellant,

       v.

DEPARTMENT OF AGRICULTURE,

            Agency.

DOCKET NUMBER
SF-3443-13-4830-I-1

DATE: September 29, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael R. Jones, Cassel, California, pro se.

Luis E. Lorenzana, and Suzanne K. Roten, Esquire, San Diego, California,
    for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The appellant retired from his position as an information assistant in August 2013.  Initial Appeal File (IAF), Tab 11 at 36.  He had previously worked as a firefighter/forestry technician, but sustained a workplace injury in July 1993 that eventually led to his reassignment to the information assistant position in 2004.  *Id*. at 31; IAF, Tab 13 at 64, 308-10.  The appellant filed an initial appeal in September 2013 challenging the agency's processing of his retirement application.  IAF, Tab 2.  The administrative judge ordered the appellant to address the issue of Board jurisdiction.  IAF, Tab 3.  In response, the appellant argued, inter alia, that he retired in response to a hostile work environment.  IAF, Tab 13 at 1.  In light of this additional argument, the administrative judge ordered the appellant to address the issue of jurisdiction regarding his involuntary retirement claim or to assert jurisdiction on other bases.  IAF, Tabs 14, 23.

¶3        In various pleadings, the agency argued that the Board does not have jurisdiction in this case.  *See* IAF, Tab 12 at 4-6, Tab 15 at 4-9, Tab 26 at 4-5. The agency argued that to the extent that the appellant challenged a decision

concerning his retirement application, the Office of Personnel Management (OPM) had not issued a final decision. IAF, Tab 12 at 4-5. The agency also argued that the appellant had not alleged facts that would support jurisdiction over an involuntary retirement claim. IAF, Tab 15 at 6-9.

¶4　　The administrative judge issued an initial decision finding that, to the extent that the appellant was attempting to challenge an OPM action through an appeal against his employing agency, the Board lacked jurisdiction over such a claim. IAF, Tab 31, Initial Decision (ID) at 6. The administrative judge also found no jurisdiction over the involuntary retirement claim because the appellant had failed to adequately explain how his decision to retire was involuntary or forced. ID at 9.

¶5　　On petition for review, the appellant states that he had not received a final decision from OPM. Petition for Review (PFR) File, Tab 1 at 1. He asserts that the Board renumbered and distorted documents in his appeal. *Id*. at 1-2. The appellant states that although the Board and the agency have attempted to dispute that he retired due to a hostile work environment, they cannot tell him what "was in his heart and mind" at the time of his retirement. *Id*. at 1-3. The agency has responded in opposition to the petition for review. PFR File, Tab 7.

¶6　　The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The Board has jurisdiction to adjudicate an individual's rights and interests under the Civil Service Retirement System (CSRS) only after OPM has rendered a final or reconsideration decision on the issue in question. *Farris v. U.S. Postal Service*, 101 M.S.P.R. 316, ¶ 8 (2006). In this case, the appellant is asserting a violation of his rights regarding the processing of his CSRS retirement application through an appeal brought against the employing agency. However, in his March 2014 petition for review, the appellant admits that he has not received a decision from OPM. PFR File, Tab 1 at 1. The regulations provide

that such an appeal is filed against OPM and not the employing agency. 5 C.F.R. § 831.110. The appellant must pursue the matter with OPM and obtain a final OPM decision before filing an appeal to the Board. *Farris*, 101 M.S.P.R. 316, ¶ 8.

¶7        Under 5 C.F.R. § 831.910, the final decision of an agency head issued under CSRS on a request for law enforcement officer/firefighter treatment may be appealed to the Board. *Scott v. Department of the Treasury*, 71 M.S.P.R. 42, 46-47 (1996). The appellant claimed that the agency improperly processed his CSRS retirement package with special firefighter provisions. *See, e.g.*, IAF, Tab 2 at 6. However, the appellant submitted the agency's August 2013 letter to OPM certifying that he qualified for law enforcement/firefighter benefits. *Id.* at 29. There is also no evidence that the agency or OPM issued a final decision as to this type of claim. The Board therefore lacks jurisdiction over such a claim. *See Scott*, 71 M.S.P.R. at 46-47. The appellant has not submitted evidence or argument that would support the exercise of jurisdiction over his claims concerning the processing of his retirement application on any other basis. Accordingly, we find that the administrative judge correctly determined that the Board does not have jurisdiction over the appellant's claims concerning the processing of his retirement application.

¶8        The appellant also alleged that his retirement was involuntary and in response to agency harassment. IAF, Tab 13 at 10. Generally, the Board lacks the authority to review an employee's decision to resign or retire, because these actions are presumed to be voluntary. *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 9 (2011), *aff'd*, 469 F. App'x, 852 (Fed. Cir. 2012). A retirement will be found to be involuntary, however, when it is the result of the agency's coercion or duress, or when the agency made misleading statements upon which the employee relied to his detriment. *Murray v. U.S. Postal Service*, 68 M.S.P.R. 177, 179 (1995). In an involuntary retirement case, the Board will exercise jurisdiction as a constructive removal. *Brown*, 115 M.S.P.R.

609, ¶ 9. The appellant must establish by a preponderance of the evidence that the agency made working conditions so difficult that a "reasonable person" in his position would have felt compelled to resign.[2] *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 10 (2000).

¶9 The appellant alleged that he had originally planned to retire in January 2014, but instead retired in August 2013, after the agency delayed his requested retirement date. IAF, Tab 13 at 3-6; *see id.*, Attachment A at 1 (appellant's June 2013 notice of intent to retire, tentatively in January 2014). He also alleged that the agency's actions caused him to take sick leave and then to retire. IAF, Tab 13 at 2. The appellant argued that he did not want to retire, but did so for his "physical well-being." *Id.* at 10. Finally, the appellant expressed dissatisfaction with his salary. IAF, Tab 2 at 4.

¶10 Despite the appellant's assertions of agency harassment, PFR File, Tab 1 at 3, he has not alleged specific facts either to support this claim or to show that the alleged harassment caused him to retire. His dissatisfaction with his salary and generalized complaints about his working environment do not support a claim that his retirement was involuntary. *See Miller*, 85 M.S.P.R. 310, ¶ 32. Additionally, the appellant's general assertions that he was discriminated against do not demonstrate that his retirement was involuntary. *See Loredo v. Department of the Treasury*, 118 M.S.P.R. 686, ¶ 7 (2012) (stating that when an appellant raises an allegation of discrimination in connection with a claim of involuntariness, the allegation may be addressed only insofar as it relates to the issue of voluntariness). Accordingly, we find that the appellant has not made a nonfrivolous allegation casting doubt on the presumption of voluntariness. The

---

[2] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.56(c)(2).

Board therefore does not have jurisdiction over his claim of involuntary retirement. *See Brown*, 115 M.S.P.R. 609, ¶ 11.[3]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.

---

[3] We have considered the appellant's assertions of discrimination in the context of the voluntariness of his retirement. However, to the extent that the appellant alleged separate claims of discrimination based upon his disability or in reprisal for his prior protected activities and workers' compensation claim, IAF, Tabs 13 at 10, 16 at 6, because he has not asserted an appealable action, we find that the Board does not have jurisdiction over any such claims, *see Tardio v. Department of Justice*, 112 M.S.P.R. 371, ¶ 31 (2009).

Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.